SETH, Circuit Judge,
dissenting:
I must respectfully dissent from the majority opinion.
This appeal concerns a deposit in escrow of funds made by plaintiff with the bankrupt which was acting as an escrow agent in a real estate transaction. The plaintiff’s funds in the hands of the escrow agent were without question trust funds held for a particular purpose.
These same trust funds, after several transfers, came into the hands of the defendant Trustee in Bankruptcy who had traced them through the transfers. The plaintiff seeks to recover this escrow deposit from the defendant Trustee in Bankruptcy. The defendant argues that the funds are part of the general bankrupt estate for general creditors.
The several transfers were briefly as follows: after the escrow was established, plaintiff’s escrowed funds were deposited by the agent in its general bank account in a third party bank. This bank paid out the funds in payment of obligations of the escrow agent. These disbursements included payments to the First Security Bank, and which depleted the account of the escrow agent. The escrow agent was thereafter declared bankrupt.
The defendant Trustee skillfully traced the escrow funds through the transactions to the First Security Bank, and filed suit against it seeking to obtain the funds on the theory that they were part of the bankrupt’s estate having been paid to First Security as a preference; this, although he knew the source of the escrow funds, and, as mentioned, had traced them to First Security. The suit was presumably filed by the Trustee in Bankruptcy under 11 U.S.C. § 547(b). There was no adjudication of any issues raised in the suit. There was only a settlement which the court ap *430 proved. First Security had apparently decided to handle the matter on a voluntary basis and paid the funds to the Trustee without contesting the claims. Nothing was litigated, certainly not the source of the funds.
It is reasonable to characterize the defendant Trustee’s action against First Security as an “assertion” of avoidance powers, but the record demonstrates that in fact and in law he had no such power as to these funds in these circumstances. He had no such power because the record also demonstrates that the funds were never owned by the bankrupt and never part of the bankruptcy estate. The defendant Trustee well knew their origin. It is difficult to see how there could be a preferential payment of trust funds.
The majority in its opinion, in footnote 3, states:
“Significant authority exists for the proposition that an escrow holder is an agent with neither legal nor equitable title to the funds it holds in escrow.” (Citations omitted.)
We agree with this observation as applied to bankruptcy concepts in these circumstances. The bankrupt was a trustee. See United States v. Whiting Pools, Inc., 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515. The funds were not part of the bankrupt’s property originally and did not become part of the estate solely by reason of the defendant Trustee’s possession obtained the way it was and with his knowledge. It makes no difference, as the majority would rely upon, that the plaintiff may not have had a remedy against some of the intermediate possessors of the funds nor a remedy against First Security. The presence or absence of such a remedy does not affect the merits of issues between the parties to this action. The absence of a remedy did not destroy the trust character of the funds as between the parties here. The funds are now in the hands of the defendant, and the adventures they may have had on the trip there make no difference. The majority states in its opinion after referring to the Begier case (at 429):
“The issue in this case is, rather, the character of the funds once they are recovered as preferential payments.” (Emphasis in original.)
The majority argues at some length the nature of the title of First Security to the funds, but this would seem to make no difference now to the majority under the statement of the issue so expressed. It is a non-issue. Also, if this is the issue, and the trial court and the bankruptcy court apparently used the same point, the funds when in the defendant’s hands ipso facto became part of the estate of the bankrupt. The fact that suit was filed under § 547(b) and the funds were paid to defendant becomes enough without more under their theory. The mere fact of “recovery,” thus the filing of a preference suit, is enough regardless under this approach. As the majority states (at 427) in substance, and referring to § 550 and § 547, that the statute provides that any property recovered under a claim asserting § 550 automatically becomes part of the estate regardless, and “a conclusion that such property is not part of the estate does violence to the unambiguous language of the Code.” “Such property” is thus “any property” no matter its character or origin.
In my view however there is a more fundamental problem. There must be some consideration given to the circumstances in which the defendant Trustee found himself when he sought possession of the escrow funds and when he gained possession. Thus, what was his knowledge of their origin; whether in fact the bankrupt was ever the owner of the funds; was there a preference payment, and, if so, was it of trust funds; and was the filing of the § 547 action just a chance which worked to obtain a voluntary payment. Again, the bare fact that suit was filed and that the funds were paid cannot be enough in these circumstances to launder the trust out of the funds in the hands of the Trustee in Bankruptcy. This is all that the majority would require, but this cannot be enough. The defendant Trustee in Bankruptcy should not be allowed to convert known trust funds originally in the possession of the bankrupt into part of the bankruptcy estate contrary to established doctrines for the protection of trust funds, and no mat *431 ter how much power he attempts to assert under his avoidance powers against whoever may be in possession of the funds.
There would seem to be no necessity to discuss the statutory authority (11 U.S.C. § 541(d)) directing the protection of trust funds in the hands of a bankrupt nor the decisions implementing these admonitions. See, however, Begier v. Internal Revenue Service, — U.S. -, 110 S.Ct. 2258, 110 L.Ed.2d 46. We have, of course, held, as the majority recognizes, that trust property in the hands of the debtor cannot be part of the bankruptcy estate. Turley v. Mahan & Rowsey, 817 F.2d 682 (10th Cir.).
The Trustee in Bankruptcy takes the position that his recovery of the escrow funds, which the plaintiff may or may not have been able to recover from First Security, was somehow an accommodation to plaintiff in that plaintiff can now share his transmuted escrow funds with the general creditors of the bankrupt.
I would reverse.